Filed 4/27/23  P. v. Frazier CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B319835 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA080501) |
| v. | |
| LATASHA LOUISE FRAZIER, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Emily J. Cole, Judge.  Affirmed.

Helen Hoeffel, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Ryan M. Smith, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

After defendant and appellant Latasha Louise Frazier was arrested for stealing multiple items from a grocery store, the trial court revoked her probation and imposed a three-year prison sentence.  Defendant appeals, contending the court committed prejudicial error by relying on facts that occurred after the date probation was granted in imposing sentence.

We affirm.

## FACTUAL AND PROCEDURAL SUMMARY

In September 2020, defendant was arrested for stealing items from a shoe store.  Defendant entered a plea of no contest to one count of second degree robbery (Pen. Code, § 211).  The parties stipulated to a factual basis for the plea.  The court accepted defendant's waivers on the record and found defendant guilty.

At the sentencing hearing on May 5, 2021, the court suspended imposition of sentence and granted defendant formal probation for a period of five years on various terms and conditions, including mandatory participation in three months of "intensive outpatient treatment" at the Tarzana Treatment Center for drug addiction.  Defendant stipulated to pay restitution in the amounts of $74.99 and $58.88.  Because the parties had agreed as part of the plea to a global disposition of all pending cases against defendant, the court granted the prosecution's motion to dismiss defendant's pending misdemeanor cases.

A month later, defendant still had not enrolled in the court-ordered drug treatment program due to problems with providing acceptable identification because defendant did not have a driver's license.  The court gave defendant until July 8, 2021, to provide proof of enrollment.

2

On July 8, 2021, defendant failed to appear. The court revoked probation and issued a bench warrant. Defendant appeared late and explained she had further difficulties in enrolling in the drug treatment program. The court recalled and quashed the bench warrant and reinstated probation on the same terms and conditions, ordering defendant to provide proof of enrollment by July 30, 2021.

At the July 30, 2021 hearing, defendant provided proof that she had enrolled in a regular treatment program at the Tarzana Treatment Center but not the court-ordered intensive three-month program. By early August, she was still waiting to be transitioned into the intensive program.

Defendant then had one missed drug test and six positive drug tests, and failed to show up at her enrollment appointment to transition into the residential program. The Tarzana Treatment Center discharged her. On September 23, 2021, the court revoked defendant's probation and remanded her to custody. The court ordered defendant into the Substance Treatment Abuse and Re-Entry Transition program, but it was later determined defendant was not eligible for that program. The court ordered counsel to locate another appropriate residential treatment program.

At the October 28, 2021 probation revocation hearing, defendant admitted a violation of probation for failing to complete her court-ordered drug treatment program. The court reinstated probation and ordered defendant to complete a 60-day residential treatment program followed by outpatient services. Defendant was ordered to serve 72 days in county jail and received credit for time served (36 days actual, 36 days conduct credit).

3

On December 14, 2021, defense counsel reported to the court that defendant had left her program because her mother and the father of her child were in a serious car accident and were hospitalized.  Counsel said defendant had tried to return to the program, but they told her the program was full and she could not return at that time.

The court revoked probation again.  The court told defendant, "I'm looking at three pages worth of violations and notes from the prior judge.  I'm not happy with your performance on probation at all.  And I'm not happy with you.  So we'll see if we can get you into a program quickly, but this is your last straw."

Defendant failed to appear at the hearing scheduled for January 4, 2022, but did appear on January 7, claiming she had left word with defense counsel that she could not make the January 4 hearing due to a bad cold.  Defense counsel confirmed he received the message, but he had not seen it before the last hearing and therefore was unable to provide the court with that information.  The court accepted defendant's explanation and continued the revocation hearing to January 19, 2022.

On January 19, 2022, defendant again arrived late to court, saying she had transportation problems.  Defense counsel reported that defendant was in a five-day per week program and was awaiting a bed for an inpatient program.  The revocation hearing was continued again.

On February 23, 2022, defendant was arrested for stealing items valued in excess of $500 from a Vons grocery store in Lancaster.  When detained by officers, defendant admitted she took the items so she could resell them on the street.

After several more continuances, the revocation hearing was finally held on April 6, 2022. The court heard testimony from Deputy Bryan Kwon, one of the officers who arrested defendant on February 23, 2022. He testified to the facts and circumstances of the arrest and defendant's admissions to him. No further testimony was offered.

The court found by a preponderance of the evidence that defendant was in violation of probation. The court found that termination of probation was appropriate, emphasizing that defendant had been given "many, many opportunities." The court imposed a three-year middle term sentence on the robbery count. Defense counsel interrupted and said the court had indicated it would be imposing a two-year low term sentence. The court responded, "That was before the hearing." The court explained it had not known "the circumstances of the violation. All I [knew] was there was an arrest and I knew various code sections . . . . I had no idea about the facts of the arrest." Defendant was credited with 91 days of presentence credits.

This appeal followed.

## DISCUSSION

Defendant contends the court improperly relied on postprobation conduct, namely her February 2022 arrest, in selecting a three-year prison sentence when it revoked probation. Respondent argues defendant forfeited this contention by not objecting in the trial court.

When the court stated it was imposing a three-year middle term, defendant interrupted the court and raised the issue that the court had previously indicated an intent to impose a two-year low term. But when the court responded by saying it had changed its mind after receiving the evidence of defendant's most

5

recent arrest, defendant did not object on the grounds that the court could not consider the facts of the February 2022 arrest.

Defendant has therefore forfeited this contention. (*People v. Scott* (1994) 9 Cal.4th 331, 353 ["Although the court is required to impose sentence in a lawful manner, counsel is charged with understanding, advocating, and clarifying permissible sentencing choices at the hearing. Routine defects in the court's statement of reasons are easily prevented and corrected if called to the court's attention."].)

## DISPOSITION

The judgment of conviction is affirmed.


GRIMES, J.

WE CONCUR:


STRATTON, P. J.


WILEY, J.